No. 75

First Circuit

---

**LEGOE v. M. F. HARLAN, Administrator**

---

(December 7, 1926.   Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on matters of fact, namely, that the plaintiff in a possessory action established a disturbance, but proved no damages, being clearly correct, are affirmed.

Appeal from the Twentieth Judicial District Court of Louisiana, Parish of West Feliciana. Hon. Charles Kilbourne, Judge.

Action by Marmaduke D. Legoe against M. F. Harlan, Administrator. Possessory action and demand for damages caused by an alleged invasion of private rights.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Charles L. Munson, of St. Francisville, attorney for plaintiff, appellee.

E. S. Muse, of St. Francisville, attorney for defendant, appellant.

ELLIOTT, J.    Marmaduke D. Legoe instituted a possessory action, coupled with a demand for damages against M. F. Harlan, administrator of the estate of W. B. Davidson, claiming that said Harlan had in his capacity of administrator within the year, disturbed him in his possession of an acre of ground on which was situated a ginhouse. He prays to be maintained in his possession and for damages caused by the disturbance.    The defendant denied that plaintiff had the possession requisite to maintain a possessory action, alleges that he received possession in his capacity of administrator, claims damages on account of loss of tenants, due to the acts of the plaintiff and for attorney's fees. He prays that plaintiff's demand be refused and rejected, but does not pray that he be recognized as entitled to the possession of the property in question.

The only question is, therefore, whether plaintiff had possession as alleged by him and if so, whether the defendant disturbed him.

The district judge held that plaintiff was in possession as owner that defendant disturbed him; rendered judgment in favor of the plaintiff on that account but refused his demand for damages.    Defendant appealed.

The plaintiff testifies the acre of land with the ginhouse thereon, the possession of which is in dispute is part of a planta-tion which he acquired by title from L. L. Clack in 1918.    That when he went to take possession of his property in 1919, he found W. B. Davidson, who has since departed this life and of whose estate M. F. Harlan is the administrator in possession of the ginhouse and demanded it of him. That Davidson yielded it to him on demand and he has held possession of the same as owner ever since.

Defendant bases his resistance to plaintiff's demand on a certain act executed by L. L. Clack in favor of E. C. Henderson and E. A. Richardson dated August 11, 1906, and on the fact that Davidson afterwards purchased from Henderson and Richardson their plantation which adjoins that of the plaintiff and made use of the ginhouse for storage purposes without objection so far as known.

The stipulations in the act from Louis L. Clack, plaintiff's author, to E. C. Henderson and E. A. Richardson, under whom defendant claims, have bearing on the question of possession.    The act restricted the use of the acre of ground and the ginhouse thereon to E. C. Henderson and E. A. Richardson only, and to no one else unless specially agreed to by vendor L. L. Clack.    No special agreement to the contrary appears in the evidence.

The stipulations in the act and the fact that defendant does not pray in his answer that the Davidson estate be recognized as the possessor corroborates plaintiff's testimony that he took possession as owner and has held it ever since.

This disturbance alleged by plaintiff is established.

The judgment appealed from is correct.

The plaintiff filed in this court a prayer for an amendment of the judgment ap-

pealed from on the question of damages; but we think the judgment of the lower court also correct in that respect.

Judgment affirmed. Defendant and appellee to pay the cost in both courts.